# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **JEFFERY J. PROSSER,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **MATTHEW WHITAKER**, <br><br> Defendant. | Case No. 1:17-cv-01662 (TNM) |

## MEMORANDUM AND ORDER

Plaintiffs originally filed this action seeking to compel the Acting Attorney General[1] to intervene in Mr. Prosser's bankruptcy proceedings and to compel the Secretary of Treasury to cease and desist funding for the National Rural Utilities Cooperative Finance Corporation ("CFC"). The Court, however, granted Defendants' motion to dismiss Plaintiffs' Complaint. *Prosser v. Sessions*, 315 F. Supp. 3d 547 (D.D.C. 2018). The Court concluded that Plaintiffs had failed to identify any authority plainly establishing a nondiscretionary duty that required the Attorney General to intervene in Mr. Prosser's case, and Plaintiffs lacked standing to challenge funding for CFC. *Id.* at 555–56.

Plaintiffs then filed an Amended Complaint suing only the Attorney General. Plaintiffs seek declaratory judgments that the Department of Justice has failed to fulfill certain nondiscretionary duties related to bankruptcy proceedings and again to compel intervention in Mr. Prosser's case. But Plaintiffs' requests for relief fail, because Plaintiffs still have identified

---

[1] Under Federal Rule of Civil Procedure 25(d), "when a public officer who is a party in an official capacity . . . resigns[] or otherwise ceases to hold office while the action is pending[,] [t]he officer's successor is automatically substituted as a party." Thus, Matthew Whitaker, who is currently the Acting Attorney General, has been substituted as a party in this action, replacing Jefferson B. Sessions, III.

no authority plainly establishing a nondiscretionary duty that requires the Acting Attorney General to intervene. Thus, Defendant's [32] Renewed Motion to Dismiss will be granted, and Plaintiffs' claims will be dismissed with prejudice.

Plaintiffs' 79-page amended complaint details salacious allegations of corruption, fraud, and malfeasance. According to Plaintiffs, the CFC, federal prosecutors, Virgin Island officials, and a bankruptcy judge engaged in a bribery conspiracy that led to "corrupted" bankruptcy proceedings against Mr. Prosser. *See* Am. Compl., ECF # 31, Pages 18–50. Plaintiffs also allege that the Department of Justice was aware of the corrupt and illegal circumstances surrounding the proceedings but chose not to intervene for political reasons. *Id.* at Pages 50–62. Plaintiffs allege that the Department of Justice's failure to intervene is contrary to its clear, non-discretionary duties to "ensure [that] Federal bankruptcy proceedings conform to Federal Law" and to protect the federal fisc.[2] *Id.* at Page 11, ¶ 11.

Citing the Administrative Procedure Act, 5 U.S.C. §§ 703 and 706(1), Plaintiffs contend that because the Department of Justice has failed to perform these duties, Plaintiffs are entitled to an order compelling the Attorney General to intervene in Mr. Prosser's bankruptcy proceedings. *See* Am. Compl., ECF # 31, Pages 76–78, ¶¶ 275–82. But judicial review under the APA is unavailable here. "[I]n cases that involve agency decisions not to take enforcement action, [courts] begin with the presumption that the agency's action is unreviewable." *Sierra Club v. Jackson*, 648 F.3d at 848, 855 (D.C. Cir. 2011); *see also Heckler v. Chaney*, 470 U.S. 821, 832 (1985) (noting that the traditional rule is that "an agency's decision not to take enforcement action should be presumed immune from judicial review").[3] Indeed, "a claim under § 706(1) can

---

[2] Plaintiffs call these duties the "Integrity Duty" and the "Fiscal Duty," respectively.
[3] Moreover, *Heckler* makes clear that this presumption applies to agency decisions to refuse enforcement through either civil or criminal processes: "This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, *whether through civil or criminal process*, is a decision generally committed to

proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (emphasis in original). "This standard reflects the common law writ of mandamus, which the APA 'carried forward' in § 706(1)." *Anglers Conservation Network v. Pritzker*, 809 F.3d 664 (D.C. Cir. 2016) (quoting *Norton,* 542 U.S. at 63).

Previously, the Court rejected Plaintiffs' requests for mandamus relief premised on the same "Integrity Duty" and "Fiscal Duty" that Plaintiffs now seek to enforce under the APA. *See Prosser*, 315 F. Supp. 3d at 553–54. The Court concluded that Plaintiffs had "not established a plainly defined and nondiscretionary duty of the Attorney General that would require him to intervene in Mr. Prosser's bankruptcy proceedings." *Id.* at 553. So too here.

The "Integrity Duty," Plaintiffs allege, principally derives from 28 U.S.C. § 586 and 18 U.S.C. § 3057, but the Court already determined that those "statutes impose only one requirement on the Attorney General: That he provide general coordination and assistance to the United States trustees. That duty does not plainly require him to intervene in Mr. Prosser's bankruptcy proceedings." *Id.* at 554. The "Fiscal Duty" allegedly derives from the False Claims Act, 31 U.S.C. §§ 3729–33, the Inspector General Act of 1978, 5 U.S.C. App. 3 § 1 *et seq.*, and criminal statutes proscribing fraud against the United States, *e.g.*, 18 U.S.C. § 1031 and 18 U.S.C. § 371. But none of these statutes plainly establishes an affirmative duty in the Attorney General to intervene in bankruptcy proceedings. Indeed, the False Claims Act explicitly grants the Attorney General prosecutorial discretion, instructing that "[i]f the Attorney General finds that a person has violated or is violating section 3729, the Attorney General *may*

---

an agency's absolute discretion. This recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement." 470 U.S. at 831–32 (emphasis added) (citations omitted).

bring a civil action under this section against the person." 31 U.S.C. § 3730(a) (emphasis added).[4] Thus, because Plaintiffs cannot show that the Department of Justice failed to take a "*discrete* agency action that it [wa]s *required to take*," *Norton*, 542 U.S. at 63, their claims for relief under § 706(1) fail.

Plaintiffs' requests for declaratory relief fair no better. Because Plaintiffs have not alleged a cognizable cause of action, they have no basis to seek declaratory relief. *See Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). The Declaratory Judgment Act, 28 U.S.C. § 2201, "is not an independent source of federal jurisdiction." *Schillings v. Rogers*, 363 U.S. 666, 677 (1960). A Declaratory Judgment presupposes the existence of a judicially remediable right, *Ali*, 649 F.3d at 778, but no such remediable right exists here. Therefore, Plaintiffs' requests for declaratory relief are denied.

\* \* \*

For these reasons, it is hereby ORDERED that [32] Defendant's Renewed Motion to Dismiss is GRANTED. It is further ORDERED that Plaintiffs' Complaint is DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close this case.

**SO ORDERED**.

This is a final, appealable Order.

Dated: November 13, 2018　　　　　　　　　　TREVOR N. MCFADDEN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] Plaintiffs cite a smattering of other statutes, regulations, agency guidance documents, and case law to show the existence of these alleged non-discretionary duties, *see* Am. Compl., ECF # 31, Pages 10–18, ¶¶ 9-21, but none establishes a clear, non-discretionary affirmative duty in the Attorney General to intervene in bankruptcy proceedings.

4